FILED

09/06/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

August 14, 2018 Session

## IN RE: AAA BONDING COMPANY

**Appeal from the Circuit Court for Bedford County**
**No. 18521      Forest A. Durard, Jr., Judge**

_____

### No. M2017-01624-CCA-R3-CD

_____

The Appellant, AAA Bonding Company, executed as surety an appearance bond for a defendant charged with theft, following which a general sessions court judge issued a conditional order of forfeiture. The Appellant appealed to the circuit court, which remanded the case to the lower court for entry of a final judgment. The Appellant filed a notice of appeal with this court. After review, we dismiss for lack of appellate jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

William A. Lockhart, Manchester, Tennessee, for the appellant, AAA Bonding Company.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert J. Carter, District Attorney General; Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Background

This case arises from a defendant's arrest in February of 2016 on a charge of theft of property over $1,000. The Appellant executed as surety a $10,000 appearance bond for the defendant's case in the Bedford County General Sessions Court. The defendant appeared at an April 6, 2016 court hearing, during which an agreement between the State

and the defendant was made wherein the defendant agreed to pay restitution of $400 to the victim by June 8, 2016, in exchange for dismissal of the charges. The agreement also entailed that the defendant was not required to appear in court if the restitution amount was paid to the victim. Also on April 6, 2016, the Appellant was mistakenly released from its obligation guaranteeing the defendant's bond when a clerk erroneously entered the same in the computer.

The defendant appeared in court on June 6, 2016, without having paid the agreed-upon restitution; the case was continued to August 3, 2016, to allow the defendant to pay the restitution. The defendant's appearance was not required at the August 3 hearing if payment was made in full. By some manner the case was continued again to December 22, 2016; the defendant failed to appear at this hearing and she still had not paid restitution.

On December 22, 2016, following the defendant's failure to appear, the general sessions court issued an "Order Granting Conditional Forfeiture," forfeiting the defendant's bond and issuing a *scire facias*. On January 19, 2017, the Appellant filed a motion to be relieved from bond, claiming that it had been released from its surety on April 6, 2016. A hearing on the motion was held in general session court on February 1, 2017, following which the Appellant's motion was denied. The February 2, 2017, order denying the motion stated that a dismissal of the case had never been entered in this case "inasmuch as the rule docket incorrectly reflected the status of the case," referencing the erroneous April 6 dismissal. We note that an identical order was entered on February 13, 2017. The Appellant filed a notice of appeal on February 21, 2017, to the Bedford County Circuit Court.

On July 24, 2017, the circuit court issued an order stating that, as a final forfeiture had not been entered, no "final judgment" existed for the purposes of establishing a right to appeal and thus, the Appellant's appeal was premature. The circuit court also noted that the appeal was "questionably" late, per the multiple orders filed by the general sessions court on February 2 and 13. The circuit court, dismissing the appeal, went on to address the Appellant's appeal on the merits, concluding that the Appellant had not been relieved of its obligation as surety to the defendant's bond. The circuit court remanded the case to the general sessions court to "provide notice of a hearing of final forfeiture to [the Appellant] and conduct a hearing on the same and, thereafter, enter a final order in this cause." It appears that, unbeknownst to the circuit court, the general sessions court had already issued an "Order of Final Forfeiture" on June 7, 2017. On August 14, 2017, the Appellant filed, with this court, a Notice of Appeal of the circuit court's judgment.

On August 23, 2017, the Appellant filed a motion in the general sessions court to stay execution of the June 7 final forfeiture "due to pending appeal." The circuit court

subsequently suspended the Appellant's bond privileges, citing non-payment of the defendant's $10,000 bond.

## II. Analysis

On appeal, the Appellant contends that the circuit court abused its discretion by failing to relieve the Appellant from the defendant's bond. The State responds that, although the record contains a final judgment, the June 7, 2017 judgment, the record does not show that the Appellant appealed that judgment such as would be necessary to vest this court with appellate jurisdiction. Instead, the State contends that the present appeal is from the judgment of the circuit court, reviewing an "Order Granting Conditional Forfeiture," which was not a final judgment resolving the Appellant's claim necessary to vest the circuit court with appellate jurisdiction. The State contends that Appellant's failure to appeal from a judgment of final forfeiture precludes this court from exercising its jurisdiction. We agree with the State.

Tennessee Code Annotated section 16-5-108(a)(1) gives this court appellate jurisdiction over final judgments in criminal matters. A judgment is final, for purposes of appeal, "when it decides and disposes of the whole merits of the case, leaving nothing" further for the judgment of the court. *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009). A conditional order of forfeiture, such as the one entered in this case, cannot be entered as a final judgment fixing the liability of the bonding company in favor of the State until the expiration of one hundred eighty (180) days from the entry of the conditional forfeiture. T.C.A. § 40-11-139 (2016). The court must conduct a hearing before entering a final forfeiture order. *In re Paul's Bonding Co..*, 62 S.W.3d 187, 193 (Tenn. Crim. App. 2001).

As the circuit court noted, the Appellant's appeal to the circuit court of the general sessions court's "Order Granting Conditional Forfeiture" was premature, as no final judgment disposing of all claims had been entered. Remand to the general sessions court for entry of a final judgment was the proper outcome of the Appellant's appeal. As the circuit court was not vested with jurisdiction in the matter, we in turn lack the proper appellate jurisdiction to hear the case. The fact that a final judgment was entered in this case at a later date is of no consequence; it was not the subject of this appeal. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

## III. Conclusion

In accordance with the aforementioned reasoning and authorities, we dismiss this appeal.

_____
ROBERT W. WEDEMEYER, JUDGE